# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| STATE OF OHIO, | Case Nos. 1:09-cv-245 |
| Plaintiff | 1:09-cv-246 |
| vs | |
| LARRY E. EALY, | **ORDER** |
| Defendant | (Dlott, J.) |

Larry E. Ealy is a resident of Dayton, Ohio who has filed motions to remove two state appellate court actions to this federal court. As best the Court can discern, Mr. Ealy asserts that Dayton Municipal Court personnel have destroyed and secreted documents in his underlying municipal court actions hampering his appeals to the state appellate court and thereby violating his federal civil rights. This matter is before the Court on Mr. Ealy's motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). For the reasons that follow, the Court denies Mr. Ealy leave to proceed *in forma pauperis,* enjoins Mr. Ealy from filing any future actions in the Southern District of Ohio *in forma pauperis*, and prohibits Mr. Ealy from filing any new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio without payment of the full filing fee and prior approval of this Court.

Proceeding *in forma pauperis* is a privilege and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs,* 948 F.2d 1004, 1008 (6th Cir. 1991). It is well-established that the federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re MacDonald,* 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.,* 879 F.2d 222, 224 (6th Cir. 1989) (per curiam). The Supreme Court has recognized that the

filing of frivolous, harassing, and duplicative lawsuits strains an already burdened judicial system. *In re McDonald*, 489 U.S. at 184; *see also Demos v. Storrie*, 507 U.S. 290 (1993); *In re Sindram*, 498 U.S. 177, 180 (1991). "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit. . . ." *United States v. Circuit Court for Taylor County*, 73 F.3d 669, 671 (7th Cir. 1995). *See also Purk v. United States*, No. 3:03-cv-287, 2005 WL 776135, at * 3 (S.D. Ohio Feb. 4, 2005) (Report and Recommendation) (Doc. 39), *adopted,* 2005 WL 2124157 (S.D. Ohio Aug 30, 2005) (Doc. 48). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06-cv-246, 2006 WL 1133220, at * 1 n. 2 (S.D. Ohio April 27, 2006)(quotation omitted).

When a litigant abuses the privilege of proceeding *in forma pauperis* by repeatedly filing frivolous lawsuits or engaging in bad faith conduct, sanctions are appropriate. Federal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45 (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). *See also Iwachiw v. N.Y. State Dept. of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005); *Cauthon v. Rogers*, 116 F.3d 1334, 1337 (10th Cir. 1997). *Accord First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002) (courts possess inherent authority to sanction bad-faith conduct without regard to whether such conduct could be sanctioned under other applicable rules or statutes). While this Court cannot absolutely foreclose an individual from initiating an action or pursuing an appeal in federal court, *Ortman v.*

*Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), the Court may impose prefiling restrictions on an individual with a history of repetitive or vexatious litigation. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998); *Ortman*, 99 F.3d at 811. A district court may properly require prolific litigators to obtain leave of court before accepting any further complaints for filing, *see Filipas*, 835 F.2d at 1146, and may deny a vexatious litigant permission to proceed *in forma pauperis*. *See, e.g., Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992). The imposition of these prospective orders has been upheld where a litigant has demonstrated a "history of unsubstantial and vexatious litigation [amounting to] an abuse of the permission granted to him to proceed as a pauper in good faith. . . ." *Maxberry v. SEC*, 879 F.2d 222, 224 (6th Cir. 1989). *See also In re McDonald*, 489 U.S. 180 (1989).

Mr. Ealy has a history of unsubstantial and vexatious litigation in this and other courts and has abused the privilege of proceeding *in forma pauperis*. The instant cases are two of forty-four cases filed pro se by Mr. Ealy over the last nine years in the Southern District of Ohio.[1] *See Ealy v. Greaney*, Case No. 3:00-cv-076 (S.D. Ohio); *Ealy v. Duggan*, Case No. 3:00-cv-119 (S.D. Ohio); *Ealy v. City of Dayton,* Case No. 3:00-cv-120 (S.D. Ohio); *Ealy v. Freund*, Case No. 3:01-cv-406 (S.D. Ohio); *Ealy v. North,* Case No. 3:01-cv-407 (S.D. Ohio); *Ealy v. Hills*, Case No. 3:01-cv-490 (S.D. Ohio); *Ealy v. Willoughby*, Case No. 3:01-cv-497 (S.D. Ohio); *Ealy v. City of Dayton*, Case No. 3:02-cv-338 (S.D. Ohio); *Ealy v. Andrews*, Case No. 3:03-cv-195 (S.D. Ohio); *Ealy v. Rice*, Case No. 3:03-cv-196 (S.D. Ohio); *Ealy v. Gehres,* Case No. 3:06-cv-218 (S.D. Ohio); *Ealy v. Mueller*, Case No. 3:00-cv-032 (S.D. Ohio); *Ealy v. Adams*, Case No. 3:00-cv-77 (S.D. Ohio); *Ealy v. Littlejohn*, Case No. 3:00-cv-92 (S.D. Ohio); *Ealy v. Upchurch*,

---

[1]Mr. Ealy also filed an action in 1990 against the City of Dayton. *See Ealy v. City of Dayton*, Case No. 3:90-cv-159 (S.D. Ohio). He did not file any further actions until the year 2000.

Case No. 3:00-cv-236 (S.D. Ohio); *Ealy v. Duggan*, Case No. 3:00-cv-281 (S.D. Ohio); *Ealy v. City of Dayton,* Case No. 3:00-cv-463 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 3:08-cv-469 (S.D. Ohio); *Ealy v. Plummer*, Case No. 3:08-cv-473 (S.D. Ohio); *Ealy v. Vore*, Case No. 3:08-cv-59 (S.D. Ohio); *Ealy v. Rankin*, Case No. 3:08-cv-67 (S.D. Ohio); *Ealy v. Rankin*, Case No. 2:08-cv-755 (S.D. Ohio); *Ealy v. Ohio Fair Plan Under Writing Assoc.*, Case No. 2:08-cv-1020 (S.D. Ohio); *Ealy v. City of Vandalia Prosecutor*, Case No. 3:08-cv-269 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 3:08-cv-476 (S.D. Ohio); *Ealy v. Diorio*, Case No. 3:09-cv-52 (S.D. Ohio); *Ealy v. Duffey*, Case No. 3:08-cv-286 (S.D. Ohio); *Ealy v. Danish*, Case No. 3:08-cv-386 (S.D. Ohio); *Ealy v. Ruppert*, Case No. 3:09-cv-010 (S.D. Ohio); *Ealy v. Manning*, Case No. 3:09-cv-47 (S.D. Ohio); *Ealy v. Pickrel*, Case No. 3:09-cv-020 (S.D. Ohio); *Ealy v. O'McCollum*, Case No. 3:09-cv-56 (S.D. Ohio); *Ealy v. Chief Clinical Officer, Summit Behavioral Facility*, Case No. 1:09-cv-244 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 1:09-cv-245 (S.D. Ohio); *State of Ohio v. Ealy,* Case No. 1:09-cv-246 (S.D. Ohio); *Ealy v. Hieber*, Case No. 3:09-cv-117 (S.D. Ohio); *Ealy v. Rankin*, Case No. 2:08-cv-260 (S.D. Ohio); *Ealy v. Wolff*, Case No. 3:08-cv-193 (S.D. Ohio); *Ealy v. Foster*, Case No. 3:08-cv-194 (S.D. Ohio); *Ealy v. Judge Thomas Hanna*, Case No. 3:08-cv-205 (S.D. Ohio); *Ealy v. Schulte*, Case No. 3:09-cv-98 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 3:09-cv-99 (S.D. Ohio); *Ealy v. Rice*, Case No. 3:09-cv-100 (S.D. Ohio); *Ealy v. Merz*, Case No. 3:03-cv-232 (S.D. Ohio). With the exception of one case, Mr. Ealy was granted leave to proceed *in forma pauperis* in each of these cases.[2]

---

[2] The $5.00 filing fee was paid in *Ealy v. Chief Clinical Officer, Summit Behavioral Facility*, Case No. 1:09-cv-244 (S.D. Ohio), a habeas case filed by Mr. Ealy on behalf of his son, Larry L. Ealy.

Of Mr. Ealy's forty-four cases, only eight remain open and pending before the Court.³ With the exception of four cases, the remainder of Mr. Ealy's cases have been dismissed sua sponte by the Court upon initial screening of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) requires the Court to review all *in forma pauperis* complaints prior to service on the defendants. *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997). Any complaint which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief must be dismissed by the Court. § 1915(e)(2)(B)(i)-(iii).

On initial screening, a number of Mr. Ealy's cases were dismissed for failure to state a claim upon which relief may be granted. *See Ealy v. O'McCollum*, Case No. 3:09-cv-56 (S.D. Ohio March 16, 2009) (Doc. 3) (also dismissed for lack of standing); *Ealy v. Rankin*, Case No. 3:08-cv-67 (S.D. Ohio July 18, 2008) (Doc. 5); *Ealy v. City of Dayton,* Case No. 3:00-cv-463 (S.D. Ohio Nov. 6, 2000) (Doc. 5); *Ealy v. Upchurch*, Case No. 3:00-cv-236 (S.D. Ohio June 19, 2000) (Doc. 6); *Ealy v. Littlejohn*, Case No. 3:00-cv-92 (S.D. Ohio April 5, 2000) (Doc. 6); *Ealy v. Greaney*, Case No. 3:00-cv-076 (S.D. Ohio April 5, 2000) (Doc. 6).

Two of Mr. Ealy's complaints were sua sponte dismissed for lack of subject matter jurisdiction. *See Ealy v. Pickrel*, Case No. 3:09-cv-020 (S.D. Ohio April 3, 2009) (Doc. 4) (sua sponte dismissed for lack of jurisdiction, on the basis of judicial immunity, and for failure to state a claim for relief); *Ealy v. Ohio Fair Plan Under Writing Assoc.*, Case No. 2:08-cv-1020 (S.D. Ohio Nov. 17, 2008) (Doc. 6) (dismissed for lack of jurisdiction).

---

³See *Ealy v. Rankin*, Case No. 2:08-cv-755 (S.D. Ohio); *Ealy v. City of Vandalia Prosecutor*, Case No. 3:08-cv-269 (S.D. Ohio); *Ealy v. Duffey*, Case No. 3:08-cv-286 (S.D. Ohio); *Ealy v. Danish*, Case No. 3:08-cv-386 (S.D. Ohio); *Ealy v. Ruppert*, Case No. 3:09-cv-010 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 1:09-cv-245 (S.D. Ohio); *State of Ohio v. Ealy*, Case No. 1:09-cv-246 (S.D. Ohio); *Ealy v. Hieber*, Case No. 3:09-cv-117 (S.D. Ohio).

Three cases were improperly removed by Mr. Ealy from state to federal court. In *State of Ohio v. Ealy*, Case No. 3:08-cv-469 (S.D. Ohio March 3, 2009) (Doc. 10) and *State of Ohio v. Ealy*, Case No. 3:08-cv-476 (S.D. Ohio March 9, 2009) (Doc. 10), this Court determined that Mr. Ealy's petitions for removal were untimely and therefore denied the petitions for removal. In *State of Ohio v. Ealy*, Case No. 3:09-cv-99 (S.D. Ohio March 31, 2009) (Doc. 6), the Court dismissed Mr. Ealy's petition for removal as barred by the final judgment in Case No. 3:08-cv-469 and the doctrine of *res judicata* because Mr. Ealy attempted to remove the same state court traffic case that was the subject of Mr. Ealy's previous removal action in Case No. 3:08-cv-469.

Two of Mr. Ealy's cases were sua sponte dismissed on abstention grounds. *See Ealy v. Rankin*, Case No. 2:08-cv-260 (S.D. Ohio March 12, 2009) (Doc. 29); *Ealy v. Wolff*, Case No. 3:08-cv-193 (S.D. Ohio July 7, 2008) (Doc. 4).

Six of Mr. Ealy's cases were barred by the applicable statute of limitations and sua sponte dismissed. *See Ealy v. City of Dayton,* Case No. 3:00-cv-120 (S.D. Ohio April 18, 2000) (Doc. 4); *Ealy v. Freund*, Case No. 3:01-cv-406 (S.D. Ohio July 29, 2002) (Doc. 23); *Ealy v. North,* Case No. 3:01-cv-407 (S.D. Ohio March 18, 2002) (Doc. 9); *Ealy v. Willoughby*, Case No. 3:01-cv-497 (S.D. Ohio Jan. 22, 2002) (Doc. 8); *Ealy v. Gehres,* Case No. 3:06-cv-218 (S.D. Ohio Aug. 21, 2006) (Doc. 9) (also dismissed for failure to state a claim for relief); *Ealy v. Diorio*, Case No. 3:09-cv-52 (S.D. Ohio March 3, 2009) (Doc. 5) (also dismissed for failure to state a claim for relief). One case was dismissed for lack of prosecution. *See Ealy v. Duggan*, Case No. 3:00-cv-281 (S.D. Ohio Sept. 11, 2000) (Doc. 8).

Mr. Ealy has also filed four habeas corpus cases in the Southern District of Ohio. None were found to be meritorious. The cases of *Ealy v. Schulte*, Case No. 3:09-cv-98 (S.D. Ohio

March 31, 2009) (Doc. 5), *Ealy v. Plummer*, Case No. 3:08-cv-473 (S.D. Ohio Feb. 10, 2009) (Doc. 10), and *Ealy v. Chief Clinical Officer, Summit Behavioral Facility*, Case No. 1:09-cv-244 (S.D. Ohio April 23, 2009) (Doc. 5) were dismissed for Mr. Ealy's failure to exhaust his state court remedies. *Ealy v. Vore*, Case No. 3:08-cv-59 (S.D. Ohio Nov. 14, 2008) (Doc. 12), a case brought by Mr. Ealy on behalf of his son, was dismissed on grounds of mootness and for lack of standing.

Mr. Ealy has also sued a number of judges of the Ohio municipal, common pleas, and appeals courts, as well as the United States District Court. In each case, Mr. Ealy's complaint was dismissed as barred by the doctrine of absolute judicial immunity. *See Ealy v. Manning*, Case No. 3:09-cv-47 (S.D. Ohio March 16, 2009) (Doc. 5) (also dismissed for lack of standing); *Ealy v. Foster*, Case No. 3:08-cv-194 (S.D. Ohio Sept. 19, 2008) (Doc. 5) (also dismissed for failure to state a claim for relief); *Ealy v. Judge Thomas Hanna*, Case No. 3:08-cv-205 (S.D. Ohio Aug. 6, 2008) (Doc. 4); *Ealy v. Merz*, Case No. 3:03-cv-232 (S.D. Ohio Aug. 6, 2003) (Doc. 5); *Ealy v. Rice*, Case No. 3:03-cv-196 (S.D. Ohio July 3, 2003) (Doc. 6).

In four of Mr. Ealy's cases, summary judgment was granted for the defendants. *See Ealy v. Duggan*, Case No. 3:00-cv-119 (S.D. Ohio June 19, 2000) (Doc. 13); *Ealy v. City of Dayton*, Case No. 3:02-cv-338 (S.D. Ohio April 12, 2004) (Doc. 38); *Ealy v. Mueller*, Case No. 3:00-cv-032 (S.D. Ohio June 16, 2000) (Doc. 19); *Ealy v. Adams*, Case No. 3:00-cv-77 (S.D. Ohio June 19, 2000) (Doc. 15).

In *Ealy v. Rice*, Case No. 3:09-cv-100 (S.D. Ohio), Mr. Ealy's complaint names as defendants fifty-two individuals including federal and state judges, police officers, a county deputy sheriff, prosecutors, physicians, attorneys, and others. (Case No. 3:09-cv-100, Doc. 2 at

7

1-6). Mr. Ealy's complaint was dismissed sua sponte by the Court as barred by statute of limitations, on the basis of absolute judicial immunity, for failure to state a claim upon which relief may be granted, and on the basis of res judicata and collateral estoppel. Case No. 3:09-cv-100 (S.D. Ohio April 23, 2009) (Doc. 15) (adopting Report and Recommendation, Doc. 5). As noted by the Court, many of the claims raised in the complaint had been previously raised in other cases brought by Mr. Ealy. For example, Mr. Ealy litigated various allegations and claims against named defendant Mike Rankin, Registrar of the Ohio Bureau of Motor Vehicles, in two prior cases already dismissed by the Court. *See Ealy v. Registrar Mike Rankin, et al.*, 3:08-cv-0067 (S.D. Ohio July 18, 2008) (Doc. 5); *Ealy v. Mike Rankin, Registrar*, 2:08-cv-00260 (S.D. Ohio March 12, 2009) (Doc. 29). Similarly, Mr. Ealy asserted numerous claims in Case No. 3:09-cv-100 as were raised in his other actions without success and against many of the same named defendants–Dr. Jerome Schulte, Steve Diorio, City of Dayton Mayor Rhine McLin, City of Dayton Chief Trial Counsel John Danish, Judge James Manning, Judge Adele Riley, Sheriff Dave Vore, Public Defender Gary Titus, Visiting Judge James D. Ruppert, Prosecutor Addie Jane King, Judge Daniel G. Gehres, U.S. District Judge Walter H. Rice, U.S. District Judge Thomas M. Rose, U.S. Magistrate Judge Michael R. Merz, Judge Alice O'McCullum, Judge Michael T. Hall, Judge William H. Wolff, Dr. Charles Hendrix, and Judge John Pickrel. *See Ealy v. Dr. Jerome Schulte*, Case No. 3:09-cv-98; *Ealy v. Judge Alice O'McCollum*, Case No. 3:09-cv-56; *Ealy v. Steve Diorio,* Case No. 3:09-cv-52; *Ealy v. Judge James Manning,* Case No. 3:09-cv-47; *Ealy v. Judge James E. Ruppert,* Case No. 3:09-cv-10; *Ealy v. Judge Daniel G. Gehres*, Case No. 3:06-cv-218; *Ealy v. Chief Judge Walter H. Rice*, Case No. 3:03-cv-196; and *Ealy v. Judge Thomas M. Rose*, Case No. 3:03-cv-232. As the Court determined, Mr. Ealy either

raised or could have raised in his prior cases most of the allegations and claims raised in Case No. 3:09-cv-100. As a result, the Court held that to the extent the complaint sought to relitigate such allegations or claims, the doctrines of res judicata and collateral estoppel barred Mr. Ealy's present complaint. Case No. 3:09-cv-100 (Report and Recommendation, Doc. 5 at 11, citing *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398-99 (1981); *Allen v. McCurry*, 449 U.S. 90, 103-05 (1980); *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 506-07 (6th Cir. 2008)).

In addition to the numerous lawsuits filed in the Southern District of Ohio, Mr. Ealy has filed several appeals in the Sixth Circuit Court of Appeals, none of which has resulted in a decision in his favor. With the exception of one case, Mr. Ealy's appeals were dismissed for either lack of prosecution or for failure to pay the filing fee, *see State of Ohio v. Ealy,* Case No. 09-3160 (6th Cir. April 14, 2009); *Ealy v. Hills*, Case No. 02-3210 (6th Cir. Feb. 4, 2003); *Ealy v. Willoughby*, Case No. 02-3211 (6th Cir. Dec. 27, 2002); *State of Ohio v. Ealy*, Case No. 09-3329 (6th Cir. April 14, 2009); *Ealy v. Freund*, Case No. 02-3910 (6th Cir. June 11, 2003); *Ealy v. Dayton*, Case No. 95-3970 (6th Cir. Dec. 27, 1995); *Ealy v. Merz*, Case No. 03-4162 (6th Cir. March 18, 2004); *Ealy v. Rice*, Case No. 03-4220 (6th Cir. Oct. 31, 2003), or dismissed for lack of jurisdiction. *See Ealy v. North*, Case No. 02-3223 (6th Cir. March 22, 2002)*; Ealy v. Freund,* Case No. 02-3225 (6th Cir. March 21, 2002); *Ealy v. Dayton,* Case No. 95-3596 (6th Cir. Aug. 4, 1995); *Ealy v. Dayton,* Case No. 03-4406 (Dec. 15, 2003); *Ealy v. Dayton,* Case No. 03-4408 (Dec. 15, 2003). In *Ealy v. Dayton*, Case No. 95-3969, 1996 WL 724368 (6th Cir. Dec. 16, 1996), the only appeal to address the merits of the underlying action, the Sixth Circuit affirmed the judgment of the district court.

In addition to the numerous lawsuits filed in the federal courts, Mr. Ealy has been a

9

frequent filer in the state courts of Ohio and has been declared a vexatious litigator. On December 5, 2006, the Montgomery County, Ohio Court of Common Pleas declared Mr. Ealy to be a vexatious litigator under Ohio Rev. Code § 2323.52. *See Ealy v. McLin*, Case No. 2005-CV-6344 (Montgomery Cty.). The state trial court enjoined Mr. Ealy from instituting or maintaining legal proceedings in a court of claims, court of common pleas, municipal court, or county court without obtaining leave to proceed as set forth in the statute. On August 3, 2007, the Ohio Court of Appeals affirmed the trial court's decision to declare Mr. Ealy a vexatious litigator. *See Ealy v. McLin*, No. 21934, 2007 WL 2285086 (2d Dist. Ohio App. Aug. 3, 2007).

Mr. Ealy's submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases. The sheer number of Mr. Ealy's baseless and duplicative complaints evidences his bad faith and amounts to an abuse of the judicial process, including the privilege of proceeding *in forma pauperis*. *See Riches v. Garese*, Civ. No. 08-086, 2008 WL 2475733, at *2-3 (E.D. Ky. June 18, 2008) (and cases cited therein).

Given Mr. Ealy's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court and from filing any new complaint, removal petition, habeas corpus petition, and/or other action without prior approval of the Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Mr. Ealy, but does impose financial consequences designed to compel Mr. Ealy to seriously consider what he is doing before initiating yet another lawsuit.

Accordingly, Mr. Ealy's motions for leave to proceed *in forma pauperis* in Case Nos. 1:09-cv-245 and 1:09-cv-246 are **DENIED**. These actions are **DISMISSED** without prejudice to refiling upon compliance by Mr. Ealy with the terms of the Court's injunction.

Mr. Ealy is hereby **ORDERED** to attach a copy of this Order, the Court's accompanying judgment, and proof of payment of the entire filing fee of $350.00 to any proposed future complaint, removal petition, habeas corpus petition, and/or other action to be filed in the Southern District of Ohio, accompanied by a motion for leave to file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio. The Clerk of Court is **DIRECTED** to reject any complaint, removal petition, habeas corpus petition, and/or other action from Mr. Ealy unless he complies with the Court's instructions.

Mr. Ealy's failure to comply with the terms of the Court's injunction shall be sufficient grounds to dismiss a future complaint in this Court with prejudice and/or grounds for contempt proceedings. *See Martin v. United States*, 245 F. Supp.2d 92, 93-94 (D.D.C. 2003).

This Order shall not affect Mr. Ealy's right to file a notice of appeal to the Sixth Circuit Court of Appeals if Mr. Ealy wishes to obtain review of the Order of this Court. This Order is not intended to place any limitation upon Mr. Ealy's ability to pursue litigation in the United States District Courts or in the courts of any state except as specified in this Order. This Order shall not prohibit Mr. Ealy from filing in this Court any new lawsuit which has a legitimate basis, which is accompanied by the full filing fee of $350.00, and for which Mr. Ealy has obtained prior approval of the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies Mr. Ealy leave to

appeal *in forma pauperis*. Mr. Ealy, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

    s/Susan J. Dlott
Susan J. Dlott, Chief Judge
United States District Court